590 So.2d 524 (1991)
In the Interest of J.A.T., a Child; A.N.M., a Child; and D.M.M., a Child.
Anna MORA, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 91-00246.
District Court of Appeal of Florida, Second District.
December 11, 1991.
*525 Jose Elortegui, Sarasota, for appellant.
Paula M. Adams, Child Welfare Legal Services, Bradenton, for appellee.
THREADGILL, Judge.
Appellant, the mother of J.A.T., A.N.M., and D.M.M., minors, challenges an order terminating her parental rights on grounds of neglect, and permanently committing her children to the Department of Health and Rehabilitative Services (HRS). We reverse because we conclude that there was insufficient evidence of neglect presented at the adjudicatory hearing.
On November 7, 1988, the children were adjudicated dependent based on a finding of neglect. The children were placed in foster care on January 31, 1989, and the mother entered into a performance agreement with HRS in April of 1989. In March of 1990, a permanent placement plan was put into effect. The permanent placement plan was extended and was in effect on November 13, 1990, the date of the permanent commitment hearing. At the conclusion of this hearing, the court found that HRS had established its petition for termination of parental rights. At the disposition hearing on December 18, 1990, the children were permanently committed to HRS for subsequent adoption.
The evidence presented at the hearing established that the children had been adjudicated dependent in a prior proceeding, that a disposition order was entered, and that the mother failed to substantially comply with performance and permanent placement plans after the dependency adjudication. Specifically, the mother admitted to having used drugs while the plans were in place and voluntarily left a congregate living facility after ten days. The minimum stay at the living facility was to be six months during which time the mother would live with her children while taking parenting and vocational classes. There was no evidence of neglect introduced other than by reference to the prior order of the court initially removing the children from the custody of the appellant.
The final order terminating the appellant's rights contained the required findings under section 39.467(1) and (3), Florida Statutes (Supp. 1990). With respect to the issue of neglect, however, the court merely stated that the failure of the mother to substantially comply with the performance agreement is evidence that the neglect that gave rise to the initial dependency is continuing and will continue prospectively.
We agree with the appellant that the evidence was legally insufficient to terminate her parental rights by reason of neglect. First, the law is clear that in the absence of such evidence, failure to substantially comply with a performance or permanent placement plan will not justify the termination of parental rights. In re R.W., 495 So.2d 133 (Fla. 1986). Second, substantive due process requires that grounds for termination of parental rights be shown by clear and convincing evidence before a state may sever completely the rights of parents in their natural child. Preponderance of the evidence is insufficient. *526 Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); In re R.W., 495 So.2d at 135.
Although the state presented evidence to show a violation of the performance and placement plans, it presented no evidence of neglect except the fact of the prior adjudication and disposition of dependency. Thus, the trial court was unable to evaluate the evidence presented at the dependency proceeding to determine whether the degree of neglect justified the termination of parental rights. Moreover the fact that an adjudication and disposition of dependency were entered shows only that the state presented proof of neglect by a fair preponderance of the evidence as required by section 39.408(2)(b), Florida Statutes (Supp. 1990). Substantive due process, however, requires clear and convincing evidence to terminate parental rights. See Santosky, 455 U.S. at 748, 102 S.Ct. at 1391.
We therefore reverse the order terminating the appellant's parental rights and remand the children to the custody of the Department of Health and Rehabilitative Services for further proceedings.
Reversed.
SCHEB, A.C.J., and HALL, J., concur.