PER CURIAM.
C.K. appeals from an adjudicatory order terminating her parental rights to her minor child, L.S. As we are unable to determine whether the trial court would have reached the same decision absent consideration of certain findings unsupported by the record, we reverse and remand for reconsideration.
Section 39.467(6), Florida Statutes (1993) requires the adjudicatory hearing to be conducted, “applying the rules of evidence in use in civil cases.” Several of the trial court’s findings are not supported by evidence which the trial court was authorized to consider at the adjudicatory hearing.[1] First, the trial court’s finding that the mother abused and neglected L.S.’ three older siblings is not supported by the evidence before the court. The order recites these siblings were detained in 1989 “after they were found wandering the street at 10:45 p.m., when the Mother suffered from an episode caused by her schizophrenia.” Neither the Guardian Ad Litem (GAL) nor anyone from the Department of Health and Rehabilitative Services (HRS) testified about the circumstances in which these children were removed. Additionally, no HRS documents were admitted into evidence. The only testimony adduced at the hearing was the grandfather’s statement that he began caring for these children when the mother was diagnosed with a medical condition, and they were placed out of her custody. Second, the trial court improperly relied on a psychological evaluation done by the Child Guidance Center in finding that L.S. is emotionally bonded with the parental substitute. This report was not admitted into evidence at the hearing, and no one testified as to its contents. Finally, the trial court’s finding that the mother “does not show that she has acquired and applied parenting skills” to her four other children, as required by the case plan, is also without evidentiary support. No evidence was adduced at the hearing regarding the extent to which she applied parenting skills to these children.
The mother also argues that the trial court did not specifically find, and the evidence does not support a finding, that she failed to substantially comply with the case plan, as required by section 39.467(3)(e), Florida Statutes (1993). We agree. In its order, the trial court merely stated the mother “partially complied” with the plan. Review of the transcript of the adjudicatory hearing reveals HRS failed to present any evidence of the mother’s compliance or noncompliance with nine of the eleven requirements in the case plan.[2]
Because we cannot determine whether the trial court would have reached the same decision absent consideration of these improper *748 matters, we remand with instructions that the trial court reconsider its decision only in light of those matters which were properly admitted into evidence at the adjudicatory hearing.
ALLEN, LAWRENCE and BENTON, JJ., concur.

. Contrary to the argument of the Guardian Ad Litem (GAL), this court cannot rely on the GAL report, the predisposition report from the Department of Health and Rehabilitative Services (HRS), abuse reports or HRS case records in evaluating whether there is record support for the trial court's termination of parental rights. Because none of the aforementioned documents were admitted into evidence, the trial court itself was not authorized to consider this evidence at the adjudicatory hearing. In addition, the findings the trial court previously made in adjudicating L.S. dependent cannot be used by the trial court as evidence of neglect or abuse at the subsequent adjudicatory hearing on termination because the standard of proof at the dependency hearing (i.e., preponderance of the evidence) is less than that required at the termination hearing (i.e., clear and convincing evidence). §§ 39.408(2)(b), 39.467(1), Fla.Stat. (1993); see also In the Interest of J.A.T., 590 So.2d 524 (Fla. 2d DCA 1991).

. There is evidentiary support for the trial court's findings that the mother obtained a psychological evaluation and completed a parenting skills course, but no evidence was presented regarding the remaining elements.